# JANUARY TERM, 1861, AT LANSING.

John H. Richardson and Another v. Samuel W. Yawkey.

A party having taken exceptions on a trial in the Circuit Court, has his election to remove the cause to the Supreme Court for review upon a bill of exceptions, or on a case made. But when he has procured a bill of exceptions to be settled, and has filed the same, he has made his election, and is not entitled thereafter to make and settle a case.

A party who, after judgment rendered against him in the Circuit Court, has acted upon the judgment, and procured orders allowing time to settle a case or bill of exceptions, cannot object that he has had no written notice of the judgment, and insist upon the right to make and serve a case, under Rule 81 of the Circuit Courts, until ten days after such written notice.

*Heard January 8th.* *Decided January 9th.*

Motion by *A. B. Maynard* and *J. Moore,* to dismiss a case made after judgment, from Saginaw Circuit.

From the affidavits presented by them, it appeared that judgment was rendered by the court below, February 24, 1860, when the attorneys for the parties were present, and that defendant's attorneys then excepted to the finding and judgment of the court; that on March 3, 1860, the attorneys for defendant obtained an order from the Circuit Judge, giving defendant until the first week in the then next term to prepare a bill of exceptions, or settle a case, or move for a new trial; that on March 20, 1860, a further order was obtained by defendant, further extending the time to settle a bill of exceptions for three days, and on the next day a further order again extending the time to settle a bill of exceptions until the end of the then present term; and on April 24, 1860, a bill of exceptions

was settled on the application of defendant, and filed with the clerk of the Circuit Court May 3, 1860; and that the above mentioned are the only orders made allowing time for settling exceptions or making a case: that on April 27, 1860, the costs were taxed in the cause, but that the taxation was subsequently set aside on motion of defendant. That in May, a copy of the case now filed in this court was served on plaintiffs' attorney, and the same was settled by the Circuit Judge, June 14, 1860; that at the time of settling the case the plaintiffs' attorney appeared and objected to its settlement, for the reason that the defendant had, by lapse of time, waived his right to have a case settled; but the judge held that the time for the settlement of a case did not commence running until the service of a written notice of the entry of judgment; that plaintiffs' attorney thereupon informed the Circuit Judge and the attorneys for defendant, that they would take no part in the settlement of the case, and the same was settled in the absence of plaintiffs' attorney, who offered no amendments.

Counsel referred to rules 80, 81 and 82 of the Circuit Courts, and claimed that the Circuit Judge in settling the case more than ten days after the party had had actual notice of the judgment, and without an extension of time for that purpose to the time of settlement, had acted entirely without jurisdiction.

*W. L. Webber* and *J. G. Sutherland, contra,* claimed that the view of the Circuit Judge with respect to notice was correct: — *Circuit Court Rule* 6. They also claimed that the action of the Circuit Judge in a matter of practice like this was not subject to review. And further, that where the case on its face discloses no irregularity, but purports to have been properly settled, the contrary can not be shown by affidavit. And they referred to *Farrand v. Bentley,* 6 *Mich.* 281; *Sweetzer v. Mead,* 5 *Mich.* 33; *Scribner v. Gay,* 5 *Mich.* 511.

RICHARDSON v. YAWKEY.

BY THE COURT:

The defendant in this case had his election to rely upon his exceptions, or to make and settle a case; but when he had procured a bill of exceptions to be settled, and had filed the same, he had made that election, and was not entitled to settle a case afterwards.

With respect to the other question, we are of opinion, whether a party is entitled to a written notice of a judgment rendered in his presence or not, that when he has acted upon the knowledge of that judgment, as in this case, he is then too late to object the want of written notice.

Motion granted.